IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN DOE, a minor child, and JAMES AND JANE DOE, as next friends<br><br>*Plaintiff,*<br><br>v.<br><br>EANES INDEPENDENT SCHOOL DISTRICT and JEFF ARNETT, Ph.D., SUPERINTENDENT, KIMBERLY DEWRELL, AND CASSIE WINTER, IN THEIR OFFICIAL CAPACITIES,<br><br>*Defendant*. | § § § § § § § § § § § § § § § § § Civil Action No. 1:24-cv-902 |

**DEFENDANTS EANES INDEPENDENT SCHOOL DISTRICT, JEFF ARNETT, KIMBERLY DEWRELL AND CASSIE WINTER'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Eanes Independent School District, Jeff Arnett, Kimberly Dewrell, and Cassie Winter, in their Official Capacities (collectively "Defendants") files its Notice of Removal of this action from the 459th Judicial District Court, Travis County, Texas, Cause No. D-1-GN-24-004894, styled *John Doe b/n/f James and Jane Doe v. Eanes Independent School District*, to the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of this Notice, Defendants state as follows:

**I.
FILINGS IN THE STATE COURT**

In accordance with 28 U.S.C. § 1446(a), all state court filings to date have been indexed and attached hereto as **Exhibit A**.

**II.
FACTUAL AND PROCEDURAL BACKGROUND**

1. On August 8, 2024, John Doe and his parents, James and Jane Doe as next friends,

("Plaintiff") filed an Original Petition and Application for Temporary Restraining Order and Injunctive Relief in the 459th District Court of Travis County, Texas. *See* **Exhibit A-2.** Plaintiff brought suit against Eanes Independent School District, Superintendent Jeff Arnett, Principal Kimberly Dewrell, and Assistant Principal Cassie Winter (collectively "Defendants").

2. On August 9, 2024, Plaintiff gave notice to Defendants of his filing via email to the Defendants' counsel. *See* **Exhibit A-3**. At that same time, Plaintiff informed Defendants that a temporary restraining order hearing was scheduled for later that same day. *See id*.

3. On August 9, 2024, the parties attended a temporary restraining order hearing, and the presiding District Court Judge Meachum, denied Plaintiff's request for a TRO. Judge Meachum scheduled the parties to appear at a temporary injunction hearing on August 15, 2024, at 9:00 am.

4. John Doe does not reside within the boundaries of Eanes Independent School District ("District" or "EISD"), but previously attended school Hill Country Middle School within the District under an interdistrict transfer agreement. **Exhibit A-2**, p. 5. The dispute centers around behavior John Doe engaged in at the end of the 2023-2024 school and the corresponding discipline administered to John Doe by the Defendants Winter and Dewrell. *See id*., pp. 5-17.

5. John Doe engaged in two acts of misconduct on school property – one that was determined to constitute fighting and one that was determined to constitute assault with bodily injury. School related behavior that constitutes assault with bodily injury is an offense identified under District policy and state law as one that requires mandatory placement in a disciplinary alternative education program ("DAEP"). *See* TEX. EDUC. CODE § 37.006(a)(2)(B). As a result, on May 31, 2024, the Hill Country Middle School campus administration determined that the appropriate consequence for John Doe was placement a DAEP for 45 school days. *Id*., p. 14.

6. Requests for interdistrict transfers are granted on a yearly basis for a term of one

school year. As a transfer student, John Doe was subject to the conditions of the District's transfer requirements. As identified in the District's policies and procedures, a student's behavior is a factor in determining whether a student's interdistrict transfer will be approved and/or revoked for the next school year. Based on John Doe's behavior the last week of school, including but not limited to, the assault causing bodily injury, John Doe's interdistrict transfer to EISD for the 2024-2025 school year was denied.

7.  In his Petition, Plaintiff alleges state law claims of breach of contract and common law tort violations (*Id*., pp. 17-21; 30-32), but also brings forth claims of alleged violations of his rights under the federal constitutional pursuant to 42 U.S.C. § 1983. *Id*., pp. 22-30.

8.  More specifically, Plaintiff alleges Defendants engaged in a deficient investigation and failed to follow appropriate policies and procedures, thus depriving Plaintiff his right to procedural and substantive due process and equal protection under the Fourteenth Amendment of the United States Constitution. *Id*., pp. 22-30.

9.  Defendants timely file this Notice of Removal within thirty (30) days of its receipt of the State Court Petition as required by 28 U.S.C. § 1446(b).

### III.
### BASIS FOR REMOVAL

**A.**  ***This case involves a federal question, thus conferring original jurisdiction in federal court.***

A federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of a case from state court to federal court is appropriate when a plaintiff's complaint makes a claim "arising under" federal law. 28 U.S.C. § 1441. In determining whether federal-question jurisdiction is present, the Supreme Court follows the "well-pleaded complaint rule," which looks to whether "a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). A federal question exists in cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In making determinations under the well-pleaded complaint rule, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Id.* at 22.

Here, Plaintiff's Petition undeniably includes claims that involve a federal question. Plaintiff alleges Defendants' actions have violated his Fourteenth Amendment federal constitutional rights and seeks to bring those claims against Defendants through 42 U.S.C. § 1983. Plaintiff asserts Defendants' actions resulted in a deprivation of his property rights under the Fourteenth Amendment; deprivation of his liberty interests under the Fourteenth Amendment; deprivation of procedural and substantive due process rights under the Fourteenth Amendment; a failure to supervisor and protect him in violation of his constitutional rights; and denial of Equal Protection under the Fourteenth Amendment. *See* **Exhibit A-2**, Claims III-V, pp. 22-30.

To the extent Plaintiff has properly pleaded state law claims of breach of contract and common law tort, such claims appear to be based on the same nucleus of facts that form the basis of his federal claims, such that the claims would be so related and identical that they form part of the same case or controversy. Thus, exercise of supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 would be proper.

## IV.
## STATE COURT FILINGS

15. In accordance with 28 U.S.C. § 1446(a), copies of the following items are attached to this Notice of Removal:

    A.    An index of all documents that clearly identifies each document and indicates the date the document was filed in state court (*See* **Exhibit A**);

    B.    A copy of the docket sheet in the state court action (*See* **Exhibit A-1**); and

    C.    A copy of all process, pleadings, and orders served upon defendant (*See* **Exhibits A-2**).

## V.
## CONCLUSION

Because the Petition unambiguously alleges violations of federal law, Defendants Eanes ISD, Jeff Arnett, Kimberly Dewrell, and Cassie Winter timely and properly remove this case on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331, 1441(a), and 1446. Venue is proper in this district under 28 U.S.C. § 1446(a) because the state court where the suit is pending is located in this district. Defendants will promptly file a copy of this Notice of Removal, as an attachment to a Notice of Filing Notice of Removal, with the clerk of the state court where the action is pending.

Nothing in this Notice shall be interpreted as a waiver or relinquishment of any of the Defendants' rights to assert any defenses to Plaintiff's causes of action or grounds for removal. If any question arises as to the propriety of the removal of this action, the Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

    Respectfully submitted,

    **THOMPSON & HORTON LLP**

    */s/ Amber King*

    Amber K. King
    State Bar Card No.: 24047244
    aking@thompsonhorton.com

    8300 N. MoPac Expressway, Suite 220
    Austin, Texas 78759

T: (512) 615-2350
F: (512) 684-7622

**ATTORNEY FOR DEFENDANTS EANES INDEPENDENT SCHOOL DISTRICT, JEFF ARNETT, KIMBERLY DEWRELL, AND CASSIE WINTER**

## CERTIFICATE OF SERVICE

On August 13, 2024, I electronically filed a Notice of Removal in the above-referenced matter with the Clerk of the Court of the United States District Court for the Western District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record via email communication and regular mail to the last known address in accordance with Federal Rule of Civil Procedure 5(b)(2).

*/s/ Amber King*
Amber King